IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

    vs.                                           Cr. No. 14-00129 WJ

MICHAEL DAMEON BLACKBURN,

          Defendant.

**MR. BLACKBURN'S MOTION TO EXCLUDE THE TESTIMONY OF AGENT KYLE CRAIG AS AN EXPERT WITNESS**

Defendant Michael Dameon Blackburn, through counsel, in response to the government's notice of expert testimony, (Document ("Doc.") 38), moves to exclude the testimony of Homeland Security Investigations ("HSI") Special Agent Kyle B. Craig as an expert witness. As grounds, Mr. Blackburn states as follows.

**A.** *Introduction*

This Court should refuse to allow the admission of Agent Craig's testimony as an expert because: (1) the notice of intent is woefully insufficient under Rule 16(a)(1)(G) due to its failure to disclose the agent's opinions and the bases for them; and (2) for the same reason, the government has not provided this Court with adequate information for this Court to even begin to assess the admissibility of Agent Craig's testimony under Federal Rules of Evidence 702 and 703, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). As a consequence, this Court should exclude as evidence the testimony of Agent Craig as an

expert.

      **B.** *The government's notice of intent to offer expert testimony does not comply with Federal Rule of Criminal Procedure 16(A)(1)(G).*

Federal Rule of Criminal Procedure 16(a)(1)(G) requires the government to disclose to the defendant, at the defendant's request, a written summary of any expert testimony the government intends to use under Federal Rules of Evidence 702 or 703 in its case-in-chief at trial. That summary "must describe the [expert] witness's opinions, the bases and reasons for those opinions and the witness's qualifications." Under this district's standard discovery order entered in this case on January 24, 2014, Mr. Blackburn is deemed to have requested notice of the government's intent to present expert testimony pursuant to Rule 16(a)(1)(G). (Doc. 16, ¶¶ 1, 2(E)). The discovery order has triggered the government's obligations under that Rule.

Rule 16 is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Bresil*, 767 F.3d 124, 127 (1st Cir. 2014) (quoting Fed. R. Crim. P. 16, 1993 Advisory Committee Notes). The rule is designed to give opposing counsel notice that expert testimony will be presented, which permits "more complete pretrial preparation," such as lining up an opposing expert, preparing for cross-examination, or challenging the admissibility on *Kumho* or other grounds. *See United States v. Davis*, 514 F.3d 596, 611-12 (6th Cir. 2008); Fed. R. Crim. P. 16, 1993 Advisory

Committee Notes.

The government's notice of intent to offer Agent Craig as an expert witness fails to comply with Rule 16(a)(1)(G) because it does not state what the agent's opinions are and the bases and reasons for those opinions.  While the government proffers the agent's credentials and alleged qualifications, the government makes no attempt to meet its obligation to state the opinions the agent will testify to and the bases and reasons for those opinions.  Instead the government simply lists the topics he is expected to testify about—his forensic examination, how "various items of digital evidence are created, stored and deleted," the processes by which he conducts forensic examination, internet service provider addresses and the "use of a cell phone to take photographs and access the internet and the information/data stored on each item regarding such access"—and declares his testimony will be based on "his knowledge, skills, training and experience." (Doc. 38 at 2-3).  This "disclosure" is utterly insufficient under Rule 16(a)(1)(G).

Under that rule, the government's provision of only the topics or subject matters of the expert witness's testimony does not satisfy its duty to supply the witness's opinions and the bases and reasons therefor.  *United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007); *United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001).  Otherwise, the purposes of Rule 16(a)(1)(G) are not served.  The defendant will not be able to line up his own expert, challenge the admissibility of the expert testimony on *Kumho* or other grounds, or prepare for cross-examination of the government's expert, if he does not

know what opinions, and the bases and grounds for the opinions, he must counter. *See United States v. Day*, 524 F.3d 1361, 1371-72 (D.C. Cir. 2008) (defense's failure to disclose its mental health expert's diagnosis rendered it "virtually impossible" for the government to meaningfully cross-examine the expert at the *Daubert* hearing).

The court's decision in *Duvall* illustrates these points. In that case, the government informed the defendant that its drug-trafficking expert would identify code language used in drug transactions and describe the manner in which methamphetamine is distributed, the tools of the methamphetamine trade, the street prices of methamphetamine, the manner in which other substances are added to methamphetamine and the amount of methamphetamine that one might possess for distribution. 272 F.3d at 828. This disclosure of topics, rather than opinions, did not satisfy Rule 16(a)(1)(G). *Id*. at 828-29. It did not identify, for example, what the expert's opinion was regarding the manner of distributing methamphetamine or the amount of methamphetamine that would constitute a distribution amount. *Id.;* s*ee also Davis*, 514 F.3d at 612-13 (disclosure of two forensic lab reports; and an explanation that each chemist would testify consistent with the reports based on education, training, experience and scientific testing did not adequately explain the bases for the opinions); *White*, 492 F.3d at 405-07 (disclosure that witness would testify about Medicare rules did not satisfy the government's duty to describe the witness's opinions and bases and reasons for those opinions); *United States v. Edwards*, 887 F. Supp. 2d 63, 69 (D.D.C. 2013) (ordering the government to

supplement its expert notice to provide specific opinions to the extent the agent would testify regarding cell site information specific to the case); *United States v. McCafferty*, 772 F. Supp. 2d 863, 879 (N.D. Ohio 2011) (disclosure of the expert's curriculum vitae and that the expert would testify about various judicial canons did not meaningfully describe her opinions, and the bases and reasons for those opinions as Rule 16(a)(1)(G) required).

Similarly, here, the government states Agent Craig may express an opinion about a number of subjects, but it does not offer even a clue as to what the agent's opinions are. (Doc. 38 at 2-3). Nor does the government say what the bases for any unknown opinions would be, except to say they will be based on the agent's "knowledge, skills, training and experience." (Doc. 38 at 2). As a result, Mr. Blackburn is severely hampered in his attempt to assess and/or contest the admissibility or validity of the agent's opinions. That problem is exacerbated by Mr. Blackburn's lack of access to the agent and the absence of any report by him. *Cf. United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999) (prejudice from government's Rule 16 violation ameliorated by the defendant's possession of the alleged victim's medical and counseling records and pretrial interview with the expert). The government has blatantly violated Rule 16(a)(1)(G)'s requirement that it disclose the expert's opinions and bases and reasons therefor and thereby threatens Mr. Blackburn's right to a fair trial.

This Court has the authority to exclude expert witness testimony as a sanction for

failure to comply with Rule 16's expert witness disclosure requirements. Fed. R. Crim. P. 16(d)(2)(C). Exclusion of Agent Craig as an expert witness is the appropriate remedy for the government's Rule 16 violation in this case. Given the dire consequences for Mr. Blackburn's defense, the government's insufficient disclosure deserves the sanction of exclusion of Agent Craig's testimony. *See United States v. Hoffecker*, 530 F.3d 137, 184-88 (3rd Cir. 2008) (district court did not abuse its discretion when it excluded three defense expert witnesses due to the defense's untimely and insufficient expert witness disclosures); *Day*, 524 F.3d at 1370-72 (district court did not abuse its discretion when it excluded testimony of the defendant's expert witness due to the defense's Rule 16 violation based on its failure to disclose the witness's diagnosis of the defendant until less than a week before trial); *United States v. Barile*, 286 F.3d 749, 758-59 (4th Cir. 2002) (exclusion of defense expert witness was appropriate remedy for the defense's violation of Rule 16); *United States v. Robinson*, 44 F. Supp. 2d 1345, 1346-48 (N.D. Ga. 1997) (excluding the government's fingerprint expert where the government failed to abide by Rule 16's requirement of disclosure of the bases of the expert's opinions; the government's "Rule 16 obligations were begun in lethargy and a lackadaisical acknowledgment of the mandates of Rule 16 and ended with inattention to the order of the court, a stubborn refusal to understand the requirements of Rule 16, and a somnolent review of the materials being produced"). Failing to impose the exclusion remedy would countenance the government's disregard of its discovery obligations and permit the

government "to flaunt the law it exists to support and defend." *See Robinson*, 44 F. Supp. 2d at 1348.

     **C.** *This Court cannot allow the admission of Agent Craig's testimony based on the government's uninformative notice of intent to offer his testimony.*

     The government has provided no basis for this Court to find Agent Craig's testimony admissible under Federal Rules of Evidence 702 and 703 and *Kumho* and *Daubert*. Rule 702 imposes a number of prerequisites for admission of expert testimony. The expert must present testimony that "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* In addition, (1) the testimony must be "based upon sufficient facts or data," (2) the testimony must be "the product of reliable principles and methods, and (3) the witness must have "applied the principles and methods reliably to the facts of the case." *Id.*

     To determine whether testimony will assist the trier of fact, the trial court must decide: (1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility. *United States v. Archuleta*, 737 F.3d 1287, 1296 (10th Cir. 2013) (footnotes omitted). In reviewing whether an expert's testimony is reliable, the trial court must "assess the reasoning and methodology underlying the expert's opinion." *United States v.* Nacchio, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting *Daubert*, 509 U.S. at 592-93).

     This Court cannot possibly make the above-noted evaluations required by Rule

702, *Kumho* and *Daubert* based on the sparse information the government has proffered regarding Agent Craig's testimony.  The government has only disclosed the agent's experience and credentials and the topics about which he would testify.  The government has not disclosed, among other things, what his opinions are, what the bases and reasons for those opinions are, what methodology he used to arrive at those opinions or how his experience and credentials enable him to reach his opinions.  Consequently, this Court cannot possibly discern whether any of the agent's opinions are relevant or within the juror's common knowledge and experience or will usurp the juror's role of evaluating a witness's credibility.  Nor can this Court determine whether the agent's testimony is based upon sufficient facts or data or the product of reliable principles and methods or that he has applied the principles and methods reliably to the facts of the case, as Rule 702 mandates.

  While a trial court has discretion in choosing the manner of testing the relevance and reliability of expert testimony, it does not have the discretion to abandon the gatekeeping function entirely.  *United States v. Velarde*, 214 F.3d 1204, 1209 (10th Cir. 2000) (quoting *Kumho*, 526 U.S. at 158-59 (Scalia, J., concurring)).  That is precisely what the government asks this Court to do by seeking admission of Agent Craig's testimony without actually describing that testimony.  When a trial court admits expert testimony, it must make specific findings on the record.  *United States v.* Mackay, 715 F.3d 807, 834-35 (10th Cir. 2012).  It must sufficiently develop a record to allow an

appellate court to determine whether it has properly applied the relevant law. *Burlington Northern Railway Co. v. Grant*, 505 F.3d 1013, 1031 (10th Cir. 2007). The government has not submitted a sufficient factual basis to enable this Court to make a reasoned ruling on the admissibility of Agent Craig's unknown testimony.

Absent further factual submissions by the government and the holding of an evidentiary hearing, this Court must exclude the testimony of Agent Craig as an expert.

## CONCLUSION

For the reasons stated above, defendant Michael Dameon Blackburn requests that this Court issue an order precluding the government from presenting the testimony of HSI Special Agent Kyle Craig as an expert witness.

| | |
|---|---|
| I HEREBY CERTIFY THAT on the 28th day of July, 2015, I filed the foregoing electronically through the CM/ECF system, which caused AUSA Marisa A. Lizarraga to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br>*filed electronically*<br>Margaret A. Katze, AFPD<br>Attorney for Defendant |
| *filed electronically* | |