FILED
At Albuquerque NM

MAR 1 4 2016

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,         )
                                  )
        Plaintiff,                )    CRIMINAL NO. 14-129 WJ
                                  )
    vs.                           )
                                  )
MICHAEL DAMEON BLACKBURN,         )
                                  )
        Defendant.                )

## CONDITIONAL PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **MICHAEL DAMEON BLACKBURN**, and the defendant's counsel, Margaret Katze:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The defendant hereby agrees to waive these rights and to plead guilty to the Indictment charging the following: Count 1 charges a violation of 18 U.S.C. § 2252(a)(2), Distribution of Child Pornography; Count 2 charges a violation of 18 U.S.C. § 2252(a)(2), Receipt of Child Pornography; Count 3 charges a violation of 18 U.S.C. § 2252(a)(4)(B), Possession of Child Pornography; Count 4 charges a violation of 18 U.S.C. § 2251(a), Production of Child Pornography; and Count 5 charges a violation of 18 U.S.C. § 2251(b), Production of Child Pornography by Custodian.

## SENTENCING

4.    The defendant understands that the minimum and maximum penalty the Court can impose as to Counts 1 and 2 is:

    a.    imprisonment for a period of not less than five years and up to twenty years;

    b.    a fine not to exceed $250,000.00;

    c.    a mandatory term of supervised release of not less than five years and up to life that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked—even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the court under 18 U.S.C. § 2259.

5.    The defendant understands that the minimum and maximum penalty the Court can impose as to Count3 is:

    a.    imprisonment for a period of up to twenty years;

    b.    a fine not to exceed $250,000.00;

      c.    a mandatory term of supervised release of not less than five years and up to life that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked—even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

      d.    a mandatory special penalty assessment of $100.00.

      e.    restitution as may be ordered by the court under 18 U.S.C. § 2259

6.    The defendant understands that the minimum and maximum penalty the Court can impose as to Counts 4 and 5 is:

      a.    imprisonment for a period of not less than fifteen years and up to thirty years;

      b.    a fine not to exceed $250,000.00;

      c.    a mandatory term of supervised release of not less than five years and up to life that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked—even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

      d.    a mandatory special penalty assessment of $100.00;

      e.    restitution as may be ordered by the court under 18 U.S.C. § 2259.

7.    The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

8.    It is expressly understood and agreed by and between the defendant and the United States that:

   a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

   b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

   c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

   d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. If the defendant is successful on his appeal of the Court's denial of his motion to suppress—as is laid out in paragraph 22 of this plea agreement—he shall be allowed to withdraw his plea and, under those circumstances alone, he shall be allowed to withdraw his plea and, under those

circumstances alone, the United States will not move to admit the facts admitted to by the defendant in paragraph 9 or in open court at the defendant's plea hearing at any subsequent proceeding, including trial.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Count 1:**

**Between on or about January 24, 2013, to December 17, 2013, I, Michael Dameon Blackburn knowing distributed child pornography through my e-mail account slickboy27@gmail.com. Specifically, on December 11, 2013, using my e-mail account slickboy27@gmail.com, I sent an e-mail to decenttrader@mail.ru, with the subject line "Re: Re[2]: pics." Attached to the email was one video file. The video is an MP4 file that is approximately 3:24 in length. The video depicts a toddler female, who is naked, being forced to preform fellatio on an adult male. The video concludes with the adult male ejaculating into the toddler's mouth. I acknowledge that the minor in the video is clearly under the age of eighteen and is a real child. I further acknowledge that by using the internet to send this video, the video traveled in interstate commerce.**

**Count 2:**

**Between on or about January 24, 2013, to December 17, 2013, I, Michael Dameon Blackburn knowing received child pornography through my e-mail account slickboy27@gmail.com. Specifically, on July 15, 2013, using my e-mail account slickboy27@gmail.com, I received an e-mail from freddie15@mail.com, with the subject line "FW: toddler video right here."**

5

Attached to this email was a video that was approximately 6:08 in length. The video opens with a newspaper type headline stating "Little bitch-boy Raamat. Eating sperm." The video goes on to depict an adult male masturbating while pressing his penis against the child's buttocks and has the child bounce up and down on his penis while holding it against him. The video concludes with the adult male ejaculating into the toddler's mouth. I acknowledge that the minor in the video is clearly under the age of eighteen and is a real child. I further acknowledge that by using the internet to send this video, the video traveled in interstate commerce.

Count 3:

Between on or about January 24, 2013, to December 17, 2013, I, Michael Dameon Blackburn knowing possessed an IBM ThinkPad (serial number: 99-GFKF7, made in China) personal laptop, with a Fujitsu hard drive (serial number: NP0GT3C267YW, made in Thailand). Several images of child pornography were stored on the hard drive including an image of a toddler female child lying upon a black and white stripped blanket. The child has a lavender long sleeve shirt and appears to be approximately two-years old. The toddler female has had her diaper removed and is set to the side in the image, exposing her vagina to the camera. The primary focus of the image is the toddler's vagina. I acknowledge that the minor in the video is clearly under the age of eighteen and is a real child. I further acknowledge that because the computer and hard drive were both manufactured outside the United States, those items had to travel in foreign commerce to be present in the state of New Mexico.

Count 4:

Beginning on or about March 1, 2013, through December 15, 2013, I, Michael Dameon Blackburn produced images of child pornography with a minor female toddler who has been identified as Victim 1. I used my cell phone, which is a Kyocera Rise Cellular Phone Model C5155 (serial number: V65C5155A1, made in Malaysia) to produce these images. I knew the toddler was approximately two years old when I made the images. Specifically, on December 10, 2013, I produced an image with the file name IMG_20131210_110651.jpg. The image depicts Victim 1 in a pale blue striped sweater. Victim 1 has her legs pulled up toward her chest with her vagina and anus exposed to the camera. The vagina and anus are the primary focus of the picture. I acknowledge that because the phone I used to produce the image was manufactured in Malaysia, the interstate nexus element in this case is satisfied.

**Count 5:**

**Beginning on or about March 1, 2013, through December 15, 2013, I, Michael Dameon Blackburn produced images of child pornography with a minor male toddler who has been identified as Victim 2. I was a person having primary custody or control of the toddler during that time. I used my cell phone, which is a Kyocera Rise Cellular Phone Model C5155 (serial number: V65C5155A1, made in Malaysia) to produce these images. I knew the toddler was approximately two years old when I made the images. Specifically, on December 6, 2013, I produced an image with the file name IMG_20131206_132646.jpg. The image depicts Victim 2 in a striped shirt naked from the waist down. Victim 2 has his eyes closed in the image and a white piece of paper across his midsection with the word "SASHA" written on it. The penis and testicles of Victim 2 are clearly visible and the primary focus of the image. I acknowledge that because the phone I used to produce the image was manufactured in Malaysia, the interstate nexus element in this case is satisfied.**

10.   By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11.   The United States and the defendant stipulate as follows:

a.   Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

7

  b. Provided the defendant meets the requirements of USSG § 3E1.1(b), the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

  c. Apart from the provisions in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

 12. The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S OBLIGATIONS

 13. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

RESTITUTION

14.     The parties agree that, as part of the defendant's sentence, the Court will enter a mandatory order of restitution pursuant to the Child Protection and Obscenity Enforcement Act, 18 U.S.C. § 2259.  The defendant understands that any payment schedule the Court may impose is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  The United States Probation Office, or, after the defendant completes any term of supervised release the Court imposes, the United States Attorney's Office for the District of New Mexico, may revise the monthly payment amount depending on the defendant's financial circumstances.  No later than July 1st of each year after sentencing, until restitution is paid in full, the defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, NM 87103, (1) a completed and signed financial statement provided to the defendant by the United States Attorney's Office and/or the United States Probation Office, and (2) a copy of the defendant's most recent tax returns.

FORFEITURE

15.     The defendant agrees to forfeit, and hereby forfeits, whatever interest the defendant may have in any asset derived from or used in the commission of the offense(s) in this case.  The defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets.  The defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

16. The defendant voluntarily and immediately agrees to forfeit to the United States all of the defendant's right, title, and interest in the following assets and properties:

    a. an IBM ThinkPad, serial number: 99-GFKF7

    b. Fujitsu hard drive, serial number: NP0GT3C267YW

    c. Kyocera Rise Cellular Phone Model C5155, serial number: V65C5155A1

    d. a generic thumb drive, serial number: CCCBB999988887777

    e. a 4 gigabyte San Dick SD card, serial number: BH1115913854Gl

    f. a generic Micro SD card, serial number MMAUR02G3ACA-MP

17. The defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the defendant's interest in the above-described property to the United States.

18. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

19. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

20.     The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life.  The defendant understands that the defendant shall keep the defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change.  The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information.  The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  If the defendant resides in New Mexico following release from prison, the defendant will be subject to the registration requirements of N.M.S.A § 29-11A-4.  The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

21.     As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the

defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## CONDITIONAL PLEA

22. Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant, with the consent of the United States, reserves the right to appeal the Court's ruling on the defendant's motion to suppress (Doc. 62). If the defendant prevails on his appeal of the Court's order, he shall be allowed to withdraw his guilty plea.

## WAIVER OF APPEAL RIGHTS

23. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s), including any fine, term of supervised release, as well as any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s), including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance. The defendant reserves the right to appeal the Court's ruling on his motion to suppress as stated above in paragraph 22 and also reserves the right to appeal the sentence of imprisonment he receives in this case.

## GOVERNMENT'S AGREEMENT

24. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment.

25.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

26.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

27.     The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

28.     At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 per count in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

29.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree

and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 14th day of March, 2016.

DAMON P. MARTINEZ
United States Attorney

MARISA A. LIZARRAGA
SHAMMARA HENDERSON
Assistant U.S. Attorneys
555 S. Telshor Blvd., Suite 300
Las Cruces, NM 88011
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
MICHAEL DAMEON BLACKBURN
Defendant

I am the attorney for MICHAEL DAMEON BLACKBURN. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
MARGARET KATZE
Attorney for Defendant