IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                No. CR 14-0129 WJ

MICHAEL DAMEON BLACKBURN,

        Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

**THIS MATTER** is before the Court upon Defendant Michael Dameon Blackburn's ("Defendant") Sentencing Memorandum and Objection to the Presentence Report (**Doc. 78**), filed August 18, 2016. Having reviewed Defendant's objections and the applicable law, the Court finds that Defendant's objections concerning sentence enhancements are not well-taken and therefore **OVERRULED**.

### BACKGROUND

Pursuant to the Conditional Plea Agreement filed March 14, 2016 (**Doc. 69**), Defendant pled guilty to the following felony offenses: Count 1 - Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2); Count 2 - Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2); Count 3 – Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B); Count 4 – Production of Child Pornography in violation of 18 U.S.C. § 2251(a); and Count 5 – Production of Child Pornography by Custodian in violation of 18 U.S.C. §

2251(b).  As part of Defendant's Conditional Plea Agreement and without objection by the United States, Defendant reserved the right to appeal the Court's ruling on Defendant's Motion to Suppress (**Doc. 62**).

The United States Probation Office filed the Presentence Investigation Report as to Defendant (**Doc. 72**) on May 18, 2016.  An Addendum to the Presentence Investigation Report (**Doc. 74**) was filed on the same day. The United States filed a Sentencing Memorandum (**Doc. 77**) on August 1, 2016.  Defendant filed a Sentencing Memorandum (**Doc. 78**) on August 16, 2016.  The United States Probation Office filed a Second Addendum (**Doc. 79**) on August 24, 2016.  The Court held a hearing in this matter on August 29, 2016.

## DISCUSSION

As an initial matter, the Court refers to U.S.S.G. § 5A – The Sentencing Table.  The highest offense level in the Sentencing Table is 43 and the guideline sentence for a defendant with offense level 43 is life in prison regardless of the criminal history category.  If the Court were to sustain the two objections to the Presentence Investigation Report raised by Defendant, his offense level still would be 43, criminal history category I which results in a guideline sentence of life in prison.  The Unites States Attorney and the United States Probation Office contend that Defendant's correctly calculated guideline sentence, pursuant to U.S.S.G. § 5G1.2(b) and (d), is 1,440 months or 120 years which is obviously still a sentence of life in prison.  While this may appear to be a distinction without a difference, the Court agrees with the United States that ruling on these objections is important especially for future cases so the Court shall proceed to determine Defendant's correctly calculated guideline sentence.

As noted above, the Defendant presents two objections to the Presentence Investigation Report.  Defendant's Presentence Investigation Report applies a five-level enhancement for

engaging in an extensive pattern of activity involving the sexual abuse of the minor child victims M.M. and A.M., pursuant to U.S.S.G. § 2G2.2(b)(5). *See* **Doc. 72**, at 17. The Presentence Investigation Report also applies a five-level enhancement pursuant to U.S.S.G. § 4B1.5(b)(1) because "the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct . . . ." *Id.* at 20.  First, Defendant objects to the imposition of both enhancements on the grounds that both are triggered by the very same conduct and thus constitute impermissible double counting.  Defendant points to *United States v. Bruffy*, also cited by the United States, in which the court declined to apply both the § 4B1.5(b)(1) and § 2G2.2(b)(5) enhancements.  *See* 2012 WL 1003503, at *4 (W.D.V.A. Mar. 26, 2012).  The court explained that its decision was not based on a concern that applying both enhancements would constitute "impermissible" double counting—because as the court had already explained, it would not.  Rather, the court declined to apply both §4B1.5(b)(1) and §2G2.2(b)(5) because the enhancements already applied sufficiently accounted for the defendant's offense conduct.  *Id*. The language in § 4B1.5(b)(1) states that the five-level enhancement is to be "added to the offense levels determined under Chapters Two and Three," making it clear that the guidelines intended the cumulative application of the two enhancements. *See id*. at *3.

    As the United States argues, every court to consider this double counting issue has reached the same conclusion.  *See, e.g.*, *United States v. Bastian*, 650 F. Supp. 2d 849, 870 (N.D. Iowa 2009) (noting that each statutory section concerns conceptually separate notions related to sentencing); *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014) (holding that application of both guideline enhancements does not constitute impermissible double counting); *United States v. Fred*, 2008 WL 2229527, at *9 (D.N.M. Feb. 8, 2009) (noting that there is some

cumulative nature to what the Guidelines do, but determining that Congress intends the Guidelines to be cumulative for sex crimes against minor victims).

The United States notes that whether or not the enhancement is applied to Defendant's sentencing guidelines calculation has no effect at all on his total offense level. Even without the five-level enhancement under U.S.S.G. § 4B1.5(b)(1), Defendant would be at an offense level of 48, resulting in a total adjusted offense level of 43, which calls for a life sentence.  However, as the United States also notes, the district court is tasked with "begin[ning] all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007) (citation omitted). The Court finds that application of both the § 2G2.2(b)(5) and § 4B1.5(b)(1) enhancements do not constitute impermissible double counting, as each statutory section concerns conceptually separate notions related to sentencing. Thus, the two enhancements were correctly applied in this case.

The Presentence Investigation Report also applies a five-level enhancement for distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, pursuant to U.S.S.G. § 2G2.2(b)(3)(B). *See* **Doc. 72**, at 17. Defendant also objects to the application of this enhancement, arguing that while Defendant did send and receive pornographic images, he did so for the excitement, status, and community, not for the receipt or expectation of receipt of a thing of value. The Court looks to *United States v. Geiner* in determining whether Defendant distributed child pornography for the receipt, or expectation of receipt, of a thing of value, a "question of fact properly resolved on a case-by-case basis by the sentencing court." 498 F.3d 1104, 1111 (10th Cir. 2007). In *Geiner*, the defendant used a file-sharing program to download images from others, but initially chose not to use the sharing feature to allow others to access and download his own computer files. *See id*. at 1106. Subsequently, however, the

4

defendant learned that if he permitted the sharing of his own files, he could download files from others a faster speed. *See id*. The Tenth Circuit found that because the defendant made his files available to others on the network "*in anticipation of* a faster downloading speed" he still received a thing of value because allowing others to access his files allowed him to receive child pornography more easily and efficiently. *Id*. at 1110–111 (emphasis in original). Recently, the Tenth Circuit in *United States v. Barela*, 797 F.3d 1186 (10th Cir. 2015), clarified its holding in *Geiner*.  In *Barela*, the United States argued for application of the § 2G2.2(b)(3)(B) enhancement on the grounds that the defendant shared child pornography through a file-sharing program, but presented no testimony or substantive argument on the issue. *See id*. at 1189.  The district court ruled that the defendant necessarily expected to receive a thing of value simply by using the file-sharing program. *See id*.  In determining that the district court erred, the Tenth Circuit emphasized that the government must prove more than just mere use of a file-sharing network to warrant application of the enhancement. *See id*. at 1192.

In this case, the United States has shown that Defendant did more than simply email child pornography to others.  As the Presentence Investigation Report shows, Defendant stated that he emailed pictures and videos to others so that he could trade with them. *See* **Doc. 72**, at 27.  For example, Defendant received an email with a video depicting child pornography several months after sending a video to another user. *See id*. at 36–37.  Additionally, Defendant possessed a total of 63 victims of child pornography on his computers, SD cards, and phones. *See id*. at 38. It is clear, by Defendant's own admission and the facts of the case, that Defendant distributed child pornography for the expectation of receipt, and actual receipt, of child pornography from other users.  In *Geiner,* the Tenth Circuit held that the "thing of value" was merely a faster downloading speed to obtain child pornography more efficiently.  In the instant case, the "thing

5

of value" was the actual receipt of child pornography after Defendant himself shared child pornography with other users. Thus, the Court finds that the five-level enhancement pursuant to § 2G2.2(b)(3)(B) was properly applied.

For the foregoing reasons, it is therefore ordered that Defendant's objections to the application of the two five-level enhancements are **OVERRULED**. Defendant's correctly calculated Guidelines Sentence is 1440 months or 120 years.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE