# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No: 14-129 WJ | | USA vs.: Blackburn | |
| Date: June 22, 2017 | | Name of Deft: Michael Dameon Blackburn | |
| Before the Honorable: | William P. Johnson | | |
| Time In/Out | 1:47pm – 3:53pm<br>4:25pm – 5:24pm | Total Time in Court **(for JS10)**: | 3 hours and 2 minutes |
| Clerk: | R. Garcia | Court Reporter: | M. Loughran |
| AUSA: | Marisa Ong | Defendant's Counsel: | Margaret Katze |
| Sentencing in: | Albuquerque, NM | Interpreter: | N/A |
| Probation Officer: | Danielle Padilla | Interpreter Sworn? | Yes     No |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Convicted on: | **X** | Plea | | Verdict | As to: | | Information | **X** Indictment |
| If Plea: | **X** | Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | Cts. 1, 2, 3, 4 & 5 | | |
| If Plea Agreement: | **X** | Accepted | | Not Accepted | | No Plea Agreement | Comments: | |
| Date of Plea/Verdict: | 3/14/2016 | PSR: | | Not Disputed | **X** Disputed | **X** | Courts adopts PSR Findings | |
| Evidentiary Hrg: | | Not Needed | **X** | Needed | Exceptions to PSR: | | | |

| | |
|---|---|
| **SENTENCE IMPOSED**  Imprisonment (BOP): | 1,440 months (240 months as to each of Cts. 1, 2 & 3; 360 months as to Cts. 4 & 5; said terms shall run consecutively to each other for a total term of 1,440 months (120 years)) |
| Supervised Release: Life as to each count; said terms shall run concurrently: **Defendant must comply with all standard, mandatory, and special conditions as stated in Attachment A of Probation's Sixth Addendum.** | Probation: |

| REC | | 500-Hour Drug Program | **X** | BOP Sex Offender Program | Other: | |
|---|---|---|---|---|---|---|
| ICE | | Court recommends ICE begin removal proceedings during service of sentence | | | | ICE not applicable |

## SPECIAL CONDITIONS OF SUPERVISION

| | |
|---|---|
| No re-entry without legal authorization | Home confinement for      months      days |
| Comply with ICE laws and regulation | Community service for      months      days |
| Participate in/successfully complete subst abuse program/testing | Reside halfway house      months      days |
| Participate in/successfully complete mental health program | Register as sex offender |
| Refrain from use/possession of alcohol/intoxicants | Participate in sex offender treatment program |
| Submit to search of person/property | Possess no sexual material |
| No contact with victim(s) and/or co-defendant(s) | No computer with access to online services |
| No entering or loitering near victim's residence | No contact with children under 18 years |
| Provide financial information | No volunteering where children supervised |
| Grant limited waiver of confidentiality | Restricted from occupation with access to children |
| Refrain from use and possession of synthetic cannabinoids, etc. | No loitering within 100 feet of school yards |
| No possession of a firearm, ammunition, destructive device or any other dangerous weapon | Participate in an educational or vocational program approved by the Probation Officer |
| OTHER: | |

| | | | |
|---|---|---|---|
| | | | The Court will make findings and issue a written ruling re final restitution. As a preliminary matter, the Courts finds that the Government has meet its burden by a preponderance of the evidence that justifies the total restitution amount of 430,800, and will state that Probation has |
| Fine: | $ 0.00 | Restitution: $ | |

| | | | | | | recommended restitution to be paid in monthly installments of $200 or 20% of the deft's monthly income, whichever is greater. |
|---|---|---|---|---|---|---|
| SPA: | $ | 500.00 | | Payment Schedule: | X | Due Immediately | | Waived |
| | OTHER: | Consistent with a stipulation in the Plea Agreement, the deft forfeits his rights, title, and interest as outlined in paragraph 16 of the written plea agreement | | | | |

| | Advised of Right to Appeal | X | Waived Appeal Rights per Plea Agreement |
|---|---|---|---|
| X | Held in Custody | | Voluntary Surrender |
| X | Recommendations to BOP: The Court will not make any specific recommendation re a designation other than to recommend the BOP designate the Defendant to an appropriate facility taking into account security concerns. The Court does make the following recommendations to BOP: That the Defendant never have any contact with the child victims as minors or adults. That the Defendant not have any contact with any other minor children. With regard to his own biological child, the Court recommends that the BOP determine if the custodial parent objects to any contact. If the custodial parent does not wish for any contact between the Defendant and the biological child, then the custodial parent's wishes should control. Also, it is recommended that the Defendant not have any internet access, or if given access, that it be closely monitored. | | |
| | Dismissed Counts: | | |
| OTHER COMMENTS: | The Court notes that, at the last hearing, the Court heard argument regarding the correctly calculated guideline range and issued an order overruling Defendant's objections and making a finding re the correctly calculated guideline range of (120 years). Ms. Ong advises that the adopted parents, CC and JC, of the boy victim AM, wish to address the Court. CC addresses the Court. Ms. Katze asks that, for the record, the Court somehow identify who is addressing the Court. The Court asks Ms. Ong to file a sealed pleading identifying who addressed the Court. CC addresses the Court. Ms. Katze notes her objection to mother of female victim testifying to evidence already before the Court; also, based on never having personally examined/treated the children, she objects to Ms. Noziska's expert testimony re treatment costs. Ms. Ong responds advising she will qualify Ms. Noziska as an expert who is able to testify re costs of treatment; also, based on Ms. Katze's prior objections raised at the last hearing, she was going to call the mother of the female victim to bolster the record re prior statements she made to the Court; would ask Ms. Katze to state on the record she has no objection to the testimony by mother of female victim. Ms. Katze notes she has no objection re authentication of documentation, rather it sufficiency under the statute; Ms. Katze withdraws any objection that the documents weren't sworn to. Ms. Ong addresses the Court re proximate cause; withdraws requests for restitution for education of the children; 286,800 for MM and 144,000 for AM; requesting only that restitution Probation as laid out in its addendum. Ms. Sue Ann Kennui-Noziska as a witness; witness sworn. Direct by Ms. Ong re educational background and training. Ms. Katze conducts voir dire of the witness; renews objection to Ms. Noziska's expert testimony based on total lack of connection to the children. The Court questions the witness. The Court finds the witness qualified to give expert testimony in this matter and overrules | | |

Defendant's objections.

Ms. Ong continues direct exam; inquires if the witness has reviewed court records docs 1, 33, 72, 77, 83, 88, 96, 108; witness states she has.

Ms. Ong continues direct exam; refers witness to Exhibit 1 (details re different therapies victim AM is undergoing) of Court Doc. 96; refers witness to Doc. 88 (Third Addendum to the PSR addressing treatment cost for MM and AM).

Cross exam by Ms. Katze.

Redirect by Ms. Ong.

Witness excused.

The Court takes a short recess.

Final argument by Ms. Ong re final restitution amounts and duration of treatment; makes argument re causation; notes the Government recommends a sentence of 120 years.

Final argument by Ms. Katze re restitution; requests a term of 540 months; requests designation to FCI Tucson, AZ.

Ms. Ong replies; notes Government's objection re designation to FCI Tucson due to adoptive parents having family in Tucson.

Ms. Katze notes that, unless adoptive parents have family housed in FCI Tucson, she would ask that the Court not take the Government's request into consideration.

The Court proceeds to sentencing.

The Court discusses statutory guidelines and 3553 factors.

The Court makes alternative findings re the properly calculated guideline range that may result should Defendant prevail on appeal with regard to the Court's prior ruling on Defendant's objections to the guideline calculations.

The Court finds that, as a preliminary matter, the Government has meet its burden by a preponderance of the evidence that justifies the total restitution amount.

The Court will not impose an assessment re the Justice for Victims of Trafficking Act due to Defendant's indigent status.

The Court reviews waiver of appeal rights contained in the Plea Agreement.

Ms. Ong requests some clarification re some of the Court's findings regarding: The alternate finding and the sentence to be imposed should Defendant prevail on its appeal re the Court's ruling on its objections.  The imposition of supervised release.  The inapplicability of the Justice for Trafficking Act, and last, the basis for the recommendation to BOP re denial of internet access - The Court notes that, under an alternate finding, the term would still be life or 120 years; advises the judgment will reflect a sentence of 120 years (life).  The Court notes the Justice for Trafficking Act is not applicable because it was enacted after the crimes were committed.  The Court notes the basis for its recommendation to BOP to deny access to the internet, is due the fact that Defendant's crimes were carried out over the internet.

Ms. Katze raises issue re zero contact with his son noting the mother does not object to him receiving letters from the Defendant.

The Court modifies its recommendation to BOP re contact with Defendant's biological son (see recommendations to BOP).