UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO:  1:14-CR-00129-WJ |
| | ) | |
| Plaintiff, | ) | CRIMINAL |
| | ) | |
| vs. | ) | Albuquerque, New Mexico |
| | ) | |
| MICHAEL DAMEON BLACKBURN, | ) | Monday, March 14, 2016 |
| | ) | (2:09 p.m. to 2:30 p.m.) |
| Defendant. | ) | |

PLEA HEARING

BEFORE THE HONORABLE WILLIAM P. LYNCH,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:            SHAMMARA HENDERSON, ESQ.
                          U.S. Attorney's Office
                          District of New Mexico
                          P.O. Box 607
                          Albuquerque, NM 87103

For Defendant:            MARGARET A. KATZE, ESQ.
                          Office of the Federal Public Defender
                          First State Bank Building
                          111 Lomas Boulevard NW, Suite 501
                          Albuquerque, NM 87102

Court Reporter:           Recorded; ABQ - Hondo

Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, TX 78480-8668
                          361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1      **Albuquerque, New Mexico; Monday, March 14, 2016; 2:09 p.m.**

2                        **(Call to Order)**

3              **THE COURT:**  All right.  We're here this afternoon

4      then on *United States of America, Plaintiff, versus Michael*

5      *Dameon Blackburn, Defendant.*  This is CR14-129.  Would counsel

6      please identify themselves for the record?

7              **MS. HENDERSON:**  Good afternoon, your Honor, Shammara

8      Henderson for the United States.

9              **THE COURT:**  Thank you.

10             **MS. KATZE:**  Margaret Katze for Mr. Blackburn.  Good

11     afternoon.

12             **THE COURT:**  Great, good afternoon.

13             Good afternoon, Mr. Blackburn.

14             **THE DEFENDANT:**  Good afternoon, sir.

15             **THE COURT:**  Okay.  We're here for a plea; is that

16     correct?

17             **MS. KATZE:**  Correct.

18             **THE COURT:**  And it is -- I guess it says a

19     conditional plea?

20             **MS. KATZE:**  It is.

21             **THE COURT:**  Okay, great.

22             Sir, I'm going to have to ask you some questions but

23     first let me just ask you to raise your right hand.

24         **(Defendant sworn)**

25             **THE COURT:**  Great, thank you, sir.  Tell me your

3

1    name, please.

2              THE DEFENDANT:  Michael Dameon Blackburn.

3              THE COURT:  And, Mr. Blackburn, are you under the

4    influence of any alcohol, drugs or medication?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  Are you suffering from any illness or

7    problem right now?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  Counsel has told me you wish to plead

10   guilty; is that correct?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Has anybody forced you to plead guilty?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  Has anybody threatened you to get you to

15   plead guilty?

16             THE DEFENDANT:  No, sir.

17             THE COURT:  You have some rights.  You have the right

18   to have a District judge take your guilty plea if you wish.  If

19   I take your plea today, you'll give up that right.  Do you

20   understand that?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  There's some consequences of pleading

23   guilty.  I'm sure Ms. Katze has talked with you about this.  I

24   just want to go over them with you on the record.  You have the

25   right to plead not guilty but if you plead not guilty, you

4

1   could proceed to a jury trial.  At a jury trial, you'd have

2   important rights.  You'd have the right to an attorney and to a

3   Court-appointed attorney if you can't afford one.  You'd have

4   the right to confront the witnesses against you and to cross

5   examine them under oath.  You'd have the right to present

6   evidence, to testify and to compel witnesses to come to trial

7   to testify on your behalf.

8          You'd have the right to remain silent and not testify

9   at trial.  It'd be your decision whether to testify at trial.

10  Your silence could not be used against you.  Finally, at trial,

11  you're presumed to be innocent and the burden would be on the

12  United States to prove your guilt beyond a reasonable doubt.

13         If you plead guilty this morning -- or this afternoon

14  -- I'm sorry -- you're going to be giving up your right to

15  trial and all of the rights that I just described.  Do you

16  understand that?

17         **THE DEFENDANT:**  Yes, sir.

18         **THE COURT:**  What is your client's citizenship status?

19         **MS. KATZE:**  United States citizen.

20         **THE COURT:**  All right.  Sir, then two other

21  consequences of pleading guilty that I want to cover with you.

22  If you're a citizen of the United States, you're going to lose

23  valuable civil rights such as the right to vote, be a juror,

24  possess a firearm.  You'll also have a criminal history.  What

25  that means is you'll face increased penalties if you're

1    convicted of another crime in the future.  Do you understand

2    that?

3              **THE DEFENDANT:**  Yes, sir.

4              **THE COURT:**  Under the Grand Jury indictment, you're

5    charged in five counts, Count One, distribution of visual

6    depiction of minors engaged in sexually explicit conduct; Count

7    Two, receipt of depiction of minors engaged in sexually

8    explicit conduct; Count Three, possession of a matter

9    containing visual depictions of minors engaged in sexually

10   explicit conduct; Count Four, production of a visual depiction

11   of a minor engaging in sexually explicit conduct and Count

12   Five, production of a visual depiction of a minor engaging in

13   sexually explicit conduct by custodian.  Do you understand the

14   charges against you?

15             **THE DEFENDANT:**  Yes, sir.

16             **THE COURT:**  What are the maximum penalties for

17   Mr. Blackburn?

18             **MS. HENDERSON:**  As to Counts One and Two,

19   imprisonment for a period of not less than five years up to 20

20   years, a fine not to exceed $250,000, a mandatory term of

21   Supervised Release of not less than five years up to life, a

22   mandatory special penalty assessment of $100 and restitution as

23   may be ordered by the Court.

24             As to Count Three, imprisonment up to a period of 20

25   years, same fines, Supervised Release and mandatory special

1   penalty assessment and restitution.

2           As to Counts Four and Five, a term of imprisonment

3   not less than 15 years up to 30 years, again with a fine of

4   $250,000, mandatory term of Supervised Release of not less than

5   five years up to life, a special penalty assessment of $100 and

6   restitution as may be ordered by the Court.

7           **THE COURT:**  Mr. Blackburn, do you understand those

8   penalties?

9           **THE DEFENDANT:**  Yes, sir.

10          **THE COURT:**  Have you talked to Ms. Katze about the

11  facts and circumstances of your case?

12          **THE DEFENDANT:**  Yes, sir.

13          **THE COURT:**  Are you satisfied with the advice and

14  representation that counsel has provided to you?

15          **THE DEFENDANT:**  Yes, sir.

16          **THE COURT:**  Counsel has handed me a plea agreement.

17  Did you have plenty of time to review the terms of this plea

18  agreement?

19          **THE DEFENDANT:**  Yes, sir.

20          **THE COURT:**  And did Ms. Katze answer all of your

21  questions about the plea agreement?

22          **THE DEFENDANT:**  Yes, sir.

23          **THE COURT:**  Do you understand all the terms in your

24  plea agreement?

25          **THE DEFENDANT:**  Yes, sir.

1          **THE COURT:**  What are the important parts of the plea

2     agreement for Mr. Blackburn?

3          **MS. HENDERSON:**  Your Honor, as seen on Paragraphs A

4     and B of Page 4 that the United States is not making an

5     agreement pursuant to 11(c)(1)(C) as to a specific sentence

6     appropriate in this case nor is the United States making an

7     agreement pursuant to 11(c)(1)(B) in this matter.

8          Under stipulations on Page 7, that the Defendant has

9     clearly demonstrated the recognition of acceptance and,

10    therefore, is eligible for a reduction of two offense levels.

11    The Government is also free to move for another offense level

12    as seen in Paragraph B on Page 8.

13          In Paragraph C on Page 8, apart from those provisions

14    of the plea agreement, the United States and the Defendant both

15    reserve their rights to assert any position or argument with

16    respect to the sentence to be imposed including but not limited

17    to the applicability of particular sentencing guidelines and

18    adjustments under those guidelines.

19          Under Paragraph 12, the Defendant understands that

20    both the above stipulations are not binding on the Court.

21          As far as restitution, under Paragraph 14 on Page 9,

22    the parties agree with the Defendant's sentence, that the Court

23    will order mandatory restitution in this case.

24          Under forfeiture of Paragraphs 15 and I believe 16,

25    your Honor, that the Defendant agrees to forfeit whatever

1    interest the Defendant has had in any asset derived from or

2    used in the commission of the offenses in this case,

3    specifically to include an IBM Think Pad, a Fujitsu hard drive,

4    Kyocera Rise cellular phone, a generic thumb drive, a

5    4-gigabyte SanDisk SB card and a generic Micro SD card all

6    outlined in Paragraph 16, your Honor.

7           Under Paragraph 20, Page 11 under the Sex Offender

8    Registration and Notification, the Defendant understands that

9    by pleading guilty that he will be required to register as a

10   sex offender upon release from prison as a condition of his

11   Supervised Release.

12          But as your Honor has previously mentioned that this

13   is a conditional plea, under Paragraph 22, it is discussed

14   where the Defendant with the consent of the United States

15   reserves the right to appeal the Court's ruling on the

16   Defendant's motion to suppress.  If the Defendant prevails of

17   his Appeals Court order, he shall be allowed to withdraw his

18   guilty plea.

19          Under his waiver of appellate rights, the Defendant

20   does understand his right to appeal the conviction

21   acknowledging that he knowingly waives the right to appeal his

22   convictions including any fine, term of Supervised Release as

23   well as any order of restitution entered by the Court except as

24   to any collateral attacks for ineffective assistance.  However,

25   the Defendant does reserve the right to appeal the Court's

1    ruling on his motion to suppress as stated above and also

2    reserves the right to appeal the sentence of imprisonment he

3    receives in this case.

4         As to Paragraph 25 on Page 13, this agreement is

5    limited to the U.S. Attorney's office for the District of

6    New Mexico and does not bind any other prosecuting authority.

7         And I apologize, your Honor.  I know that there is

8    one clarification under 801.  I apologize, your Honor.  I did

9    skip one paragraph, Paragraph D on Page 4.

10        Paragraph D essentially explains that the Defendant

11   will be able to withdraw from the plea if the Court -- if he

12   does win his appeal and in that case, then anything of the

13   statements within the plea agreement will not be used against

14   him.  However, if he changes his mind or wants to just withdraw

15   out of the plea outside of an appellate process, the statements

16   in the plea agreement can be used against him.

17        **THE COURT:**  Do you understand what the U.S. Attorney

18   told me about the terms of your plea agreement?

19        **THE DEFENDANT:**  Yes, sir.

20        **THE COURT:**  Ms. Katze, did she summarize all the

21   important parts in this plea agreement?

22        **MS. KATZE:**  She did.

23        **THE COURT:**  Great.

24        Do you understand, Mr. Blackburn, that the District

25   judge could reject the stipulations in your plea agreement?  It

1    -- well, could not -- well, let me back up.  The District judge

2    cannot reject the right you have to appeal and the District

3    judge can't reject your challenge to the length of your

4    sentence but other than that, there are some other stipulations

5    in the plea agreement.  Do you understand that the District

6    judge could reject those other stipulations?

7                **THE DEFENDANT:**  Yes, sir.

8                **THE COURT:**  And do you understand that if the judge

9    were to reject those stipulations, you could not withdraw your

10   guilty plea?

11               **THE DEFENDANT:**  Yes, sir.

12               **THE COURT:**  I'm sure you've talked with Ms. Katze

13   about what sentence the District judge will give you.  Do you

14   understand what counsel has given you is only her estimate or

15   her prediction of the sentence you'll receive?

16               **THE DEFENDANT:**  Yes, sir.

17               **THE COURT:**  Do you understand that even that estimate

18   is based on what counsel knows at this time?

19               **THE DEFENDANT:**  Yes, sir.

20               **THE COURT:**  The sentencing guidelines are advisory.

21   The Court will calculate the sentencing guideline range and

22   will consider that range when determining your sentence.  A

23   presentence report will be prepared.  You'll have an

24   opportunity to challenge the reported facts and application of

25   the guidelines in that report.  Do you understand that?

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  Do you understand that worst-case

3    scenario, you could receive the maximum sentence that's allowed

4    under the law?

5          **THE DEFENDANT:**  Yes, sir.

6          **THE COURT:**  Do you understand that under the plea

7    agreement, you're giving up your right to appeal -- I'm sorry.

8    Under the plea agreement, you're giving up your right to

9    collaterally attack the sentence except on the issue of

10   ineffective assistance of counsel?

11         **THE DEFENDANT:**  Yes, sir.

12         **THE COURT:**  And, of course, you also maintain your

13   right to appeal and your right to challenge the sentence of

14   imprisonment.  Do you understand all that?

15         **THE DEFENDANT:**  Yes, sir.

16         **THE COURT:**  Mr. Blackburn, has anybody made any

17   promises to you to get you to plead guilty and somehow those

18   promises didn't get put in your plea agreement?

19         **THE DEFENDANT:**  No, sir.

20         **THE COURT:**  How do you plead to Counts One, Two,

21   Three, Four and Five in the Grand Jury indictment?  Do you

22   plead guilty or not guilty?

23         **THE DEFENDANT:**  Guilty.

24         **THE COURT:**  What would the Government be able to

25   prove if this case went to trial?

1      **MS. HENDERSON:**  As to Count One, between on or about

2  January 24th, 2013 to December 17th, 2013, that Michael

3  Blackburn knowingly distributed child pornography through his

4  email account, slipboy27 at gmail.com -- and I apologize, your

5  Honor.  This is the first time I've done a plea in front of

6  your Honor.  Do you wish me to go through all of the facts?

7      **THE COURT:**  Well, we have to have an adequate factual

8  basis.

9      **MS. HENDERSON:**  Okay, I just wanted to clarify.

10      **THE COURT:**  There's different ways of doing it but --

11      **MS. HENDERSON:**  Okay.  Specifically on December 11th,

12  2013, using his email account, slipboy27 at gmail.com, he sends

13  an email to decenttrader at mailru with the subject line, RE

14  pics attached to email as one video file.  That video is an MP4

15  file that is approximately 3 minutes, 24 seconds in length.

16  The video depicts a toddler female who is naked being forced to

17  perform fellatio on an adult male.  The video concludes with

18  the adult male ejaculating into the toddler's mouth.  The

19  Defendant acknowledges that the minor in the video is clearly

20  under the age of 18 and is a real child.  He further

21  acknowledges that the use of the Internet for this video.  The

22  video traveled through interstate commerce.

23      As to Count Two, between on or about January 24th,

24  2013 to December 17th, 2013, Michael Blackburn knowingly

25  received child pornography through the same email as previously

1   stated, slipboy27 at gmail.com.  Specifically, on July 15th,

2   2013, using this email account, he received an email from

3   freddy15 at mail.com with a subject line, "Forward toddler

4   right here."  Attached to that email was a video that was

5   approximately six minutes, eight seconds in length.  The video

6   opens with a newspaper-type headline stating, "Little bitch boy

7   remat eating sperm."  The video goes on to depict an adult male

8   masturbating Raul pressing his penis against the child's

9   buttocks and has the child bounce up and down on his penis

10  while holding it against him.  The video concludes with the

11  adult male ejaculating in the toddler's mouth.  The Defendant

12  acknowledges that this is a minor in the video and is clearly

13  under the age of 18 and is a real child.  And he further

14  acknowledges that using the Internet to send this video, the

15  video traveled in interstate commerce.

16          As to Count Three, between on or about January 24th,

17  2013 to December 17th, 2013, the Defendant knowingly possessed

18  an IBM ThinkPad which was made in China as a personal laptop

19  with a 52 hard drive made in Thailand.  Several images of child

20  pornography were stored on the hard drive including an image of

21  a toddler female child lying upon a black and white striped

22  blanket.  This child has a lavender long sleeve shirt.  It

23  appears to be approximately two years old.  The toddler female

24  has had her diaper removed and is set to the side of the image

25  exposing her vagina to the camera.  The primary focus of the

1    image is of the toddler's vagina.  The Defendant acknowledges

2    that the minor in the video is clearly under the age of 18 and

3    is a real child.  He further acknowledges because the computer

4    and the hard drive were both manufactured outside the United

5    States that those items had to travel in foreign commerce to be

6    present in the state of New Mexico.

7              As to Count Four, beginning on or about March 1st,

8    2013 through December 15th, 2013, Michael Blackburn produced

9    images of child pornography with a minor female toddler who has

10   been identified as Victim 1.  The Defendant used his cell

11   phone, which is a Kyocera Rise cellular phone, Model C5115

12   which was made in Malaysia, to produce these images.  The

13   Defendant knew the toddler was approximately two years old when

14   he made the images.  Specifically on December 10th, 2013, he

15   produced an image with the file name, Image 20131210_110651jpg.

16   The image depicts Victim 1 in a pale blue strip sweater --

17   striped sweater.  Victim 1 has her legs pulled up towards her

18   chest with her vagina and anus exposed to the camera.  The

19   vagina and anus are the primary focus of the picture.  The

20   Defendant acknowledges that because the phone that was used to

21   produced the image was manufactured in Malaysia that the

22   interstate nexus element in this case is satisfied.

23             As to Count Five, beginning on or about March 1st,

24   2013 through December 15th, 2013, the Defendant Michael

25   Blackburn produced images of child pornography with a minor

1   male toddler who is identified as Victim Number 2.  He was a

2   person having primary custody or control of the toddler during

3   that time.  He used his cell phone, which is a Kyocera Rise

4   cellular phone, Model C5115 which was made in Malaysia, to

5   produce those images.  He knew that the toddler was

6   approximately two years old when he made the images.

7   Specifically, on December 6th, 2013, he produced an image with

8   a file name Image_20131206_132646.jpg.  The image depicts

9   Victim 2 in a striped shirt naked from the waist down.  Victim

10  2 has his eyes closed in the image and a white piece of paper

11  across his midsection with the word "Sasha" written on it.  The

12  penis and testicles of the Victim 2 are clearly visible and the

13  primary focus of the image.  The Defendant acknowledges that

14  because on the phone he used to produce the images were

15  manufactured in Malaysia, the interstate nexus element is in

16  this case is satisfied.  That would be evidence that the

17  Government would be able to use as reasonable evidence.

18          **THE COURT:**  Great.

19          Mr. Blackburn, is what the U.S. Attorney told me

20  about you correct?

21          **THE DEFENDANT:**  Yes, sir.

22          **THE COURT:**  And, in fact, what counsel was doing, she

23  was essentially paraphrasing out of Pages 5, 6 and 7 of the

24  conditional plea agreement.  You have previously had a chance

25  to look that over and you agree the facts set forth there are

1    accurate?

2            **THE DEFENDANT:**  Yes, sir.

3            **THE COURT:**  And you're pleading guilty because,

4    indeed, you're guilty; is that right?

5            **THE DEFENDANT:**  Yes, sir.

6            **THE COURT:**  Mr. Blackburn, have you understood my

7    questions this afternoon?

8            **THE DEFENDANT:**  Yes, sir.

9            **THE COURT:**  Counsel, are you satisfied pleading

10   guilty is in the best interest of Mr. Blackburn?

11           **MS. KATZE:**  I am.

12           **THE COURT:**  Anything else you'd like me to cover with

13   Mr. Blackburn?

14           **MS. KATZE:**  No, thank you.

15           **THE COURT:**  Sir, I find that you're competent and

16   capable of entering an informed plea.  You're aware of the

17   nature of the charges and the consequences of your plea.  I

18   find your plea is knowing and voluntary.  I accept your plea of

19   guilty and now adjudge you guilty.  I'll defer admission --

20   I'll defer acceptance of the conditional plea agreement to the

21   District judge.

22           On the presentence report, are we looking at a

23   Type 2?

24           **MS. KATZE:**  Is that a regular?

25           **THE COURT:**  That's a regular.

17

1          **MS. KATZE:**  Regular -- yes, a regular, please.

2          **THE COURT:**  Let me order a regular presentence report

3    in this case.

4          Anything else on behalf of -- great.

5          Thank you, Mr. Blackburn.

6      **(This proceeding adjourned at 2:30 p.m.)**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATION


I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.



_____          _July 28, 2017_


TONI HUDSON, TRANSCRIBER